IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17CR137 |
| v. | |
| CHRISTOPHER R. MOLNAR, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Christopher R. Molnar's ("Molnar") Motion to Appoint Counsel (Filing No. 97). Molnar indicates he cannot afford to continue to retain counsel and requests the Court appoint him counsel to assist in him seeking post-conviction relief, presumably under 28 U.S.C. § 2255. According to Molnar, his time to seek post-conviction relief expires in January.

The Court, in its discretion, can appoint counsel to represent an indigent prisoner for a § 2255 proceeding if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). But no constitutional or statutory right to counsel exists for § 2255 proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987). To determine whether to appoint counsel, the Court considers factors such as the factual and legal complexity of the case and the petitioner's ability to investigate and articulate his claims. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).

Here, Molnar has not explained why justice requires the Court appoint him counsel to seek post-conviction relief. Molnar demonstrates neither that his case is complex nor that he is unable to investigate or articulate his claims. Molnar instead points only to a January deadline for seeking relief. That is not enough. Accordingly, Molnar's Motion to Appoint Counsel (Filing No. 97) is denied without prejudice.

IT IS SO ORDERED.

Dated this 2nd day of December 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge